FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 12 2026
TAMMY H. DOWNS, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**IN RE MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, AS OWNER AND OPERATOR OF THE M/V KIEFFER E. BAILEY PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

**CIVIL ACTION NO.** 4:26-cv-168-DPM

This case assigned to District Judge Marshall
and to Magistrate Judge Ervin

**VERIFIED COMPLAINT FOR EXONERATION FROM**
**<u>OR LIMITATION OF LIABILITY</u>**

Limitation Plaintiff Marquette Transportation Company Gulf-Inland, LLC ("Limitation Plaintiff"), as owner and operator of the towing vessel KIEFFER E. BAILEY, her engines, equipment, gear, tackle, etc., brings this Complaint in Exoneration From or Limitation of Liability, both civil and maritime, according to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims & Asset Forfeiture Actions, and 46 U.S.C. § 30501, *et seq*. In support, and reserving all rights to enforce any and all applicable forum and venue selection clauses related to this action, Limitation Plaintiff respectfully avers upon information and belief as follows:

1.

At all times hereinafter mentioned, Limitation Plaintiff Marquette Transportation Company Gulf-Inland, LLC was, and now is, a limited liability company organized and existing under and by virtue of the laws of State of Delaware registered to do business in Louisiana, and is, at all times hereinafter mentioned, the owner and operator of the KIEFFER E. BAILEY.

2.

This is a case of admiralty and maritime jurisdiction brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3.

Venue is proper in the Federal District Court of the Eastern District of Arkansas, Central Division, under Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims as suit has commenced against the Limitation Plaintiff in Arkansas for claims arising out of the KIEFFER E. BAILEY's voyage on September 13, 2021.

4.

Limitation Plaintiff is – and all material times was – the owner and operator of the M/V KIEFFER E. BAILEY (the "Vessel") under the Limitation of Liability Act, 46 U.S.C. 30501 § *et seq*. As such, Limitation Plaintiff is entitled to the protections afforded by the Limitation of Liability Act.

5.

The KIEFFER E. BAILEY is a tug bearing official number 1253271, built in 2014, with principal dimensions of 78 feet in length and 34 feet in breadth.

6.

At all material times, Limitation Plaintiff exercised due diligence to make and to maintain the KIEFFER E. BAILEY in all respects seaworthy; and at all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy, fit and proper for the service in which the Vessel was engaged and complied with all applicable United States Coast Guard regulations.

7.

On or about September 13, 2021, Terrence Williams, a leadman on the KIEFFER E. BAILEY was allegedly injured while the Vessel was passing through the Joe Hardin Lock and Dam (Lock #3) on the Arkansas River (the "Incident").

8.

Following the Incident, Williams filed suit against Marquette Transportation Company, LLC and Marquette Transportation Company Gulf-Inland, LLC in the Circuit Court of Jefferson County, State of Arkansas, seeking damages for injuries allegedly sustained as a result of the incident. All allegations against Limitation Plaintiff and KIEFFER E. BAILEY are denied.

9.

As a result of the Incident, certain parties may have sustained physical damages, economic, and/or other losses.

10.

The Incident occurred without the privity or knowledge of Limitation Plaintiff. In fact, the Incident, and any injury or loss sustained by any and all persons or entities which may have resulted from the Incident, could only have been caused or contributed to without the privity or knowledge of Limitation Plaintiff.

11.

The Incident was not due to any fault, neglect, or want of care by Limitation Plaintiff, the Vessel, or anyone for whom Limitation Plaintiff may be responsible.

12.

Rather, the Incident, and any injury or loss arising therefrom, was caused by the fault, negligence, or lack of due care or diligence of others for whom Limitation Plaintiff is not responsible.

13.

Limitation Plaintiff, as of this date, is aware of one suit against the KIEFFER E. BAILEY.

14.

The value of Limitation Plaintiff's interest in the KIEFFER E. BAILEY on the date of the Incident plus pending freight was FOUR MILLION ONE HUNDRED TWENTY-ONE THOUSAND EIGHT HUNDRED FORTY-EIGHT AND 21/100 DOLLARS ($4,121,848.21).

15.

Subject to an appraisal of its interests, Limitation Plaintiff herewith submits for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking in the sum of FOUR MILLION ONE HUNDRED TWENTY-ONE THOUSAND EIGHT HUNDRED FORTY-EIGHT AND 21/100 DOLLARS ($4,121,848.21) plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the Vessel, and her appurtenances.

16.

Limitation Plaintiff now has a reasonable basis upon which to believe it possible that claims will be asserted and prosecuted against it in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

17.

Limitation Plaintiff claims exoneration from liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforesaid accident and for any and all claims therefor. Limitation Plaintiff alleges that it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 30501, *et seq*. of Title 46 of the United States Code (46 U.S.C. §§ 30501, *et seq.*), and the various statutes supplemental thereto and amendatory thereof, and to that end, Limitation Plaintiff herewith submits with the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

18.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the KIEFFER E. BAILEY, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, the general maritime law, and by the rules and practices of this Honorable Court.

WHEREFORE, Limitation Plaintiff Marquette Transportation Company Gulf-Inland, LLC prays that:

(a) This Court issue an Order approving the Letter of Undertaking submitted to the Court by Limitation Plaintiff as security for the amount of value of its interest in the KIEFFER E. BAILEY;

(b) This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated.

(c) This Court enjoin the prosecution of any and all actions, suits, and proceedings commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and its underwriters, and/or against the KIEFFER E. BAILEY her officers and crew or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid accident.

(d) This Court adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(e) The Court in this proceeding will adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the accident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident; or if Limitation Plaintiff and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interest in the KIEFFER E. BAILEY, as aforesaid, at the end of the voyage on which it was engaged at the time of the

accident, and that Limitation Plaintiffs and its underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Plaintiff and its underwriters from all further liability; and

(f) That Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Telephone: (479) 464-5670
Facsimile: (479) 464-5680
Email: smiller@mwlaw.com
jalexander@mwlaw.com

By: */s/ Stuart P. Miller*
Stuart P. Miller, Ark. Bar No. 88137

Of Counsel:

PHELPS DUNBAR LLP
Evans Martin McLeod
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: (504) 584-9212
Email: marty.mcleod@phelps.com
Magdalini.galitou@phelps.com

**ATTORNEYS FOR LIMITATION PLAINTIFF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**

# VERIFICATION

STATE OF LOUISIANA

ORLEANS PARISH

BEFORE ME, the undersigned authority, personally came and appeared:

Evans Martin McLeod

who, being duly sworn, did depose and say:

1. That he is the attorney for Marquette Transportation Company Gulf-Inland, LLC in the captioned and numbered proceeding;

2. That he is authorized to make this affidavit and to file the foregoing Complaint in Limitation on behalf of plaintiff;

3. That he has read the above and foregoing Complaint in Limitation and all the allegations of fact therein contained are true and correct, upon information, knowledge and belief, and

4. That the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives.

Evans Martin McLeod

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 10th DAY
OF FEBRUARY 2026

NOTARY PUBLIC

MAGDALINI GALITOU
Notary Public
Notary ID No. 160183
Orleans Parish, Louisiana